# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Mert Duymayan,

        Plaintiff

v.

Valley Hospital Medical Center,

        Defendant

Case No. 2:25-cv-00980-CDS-MDC

**Order Adopting Magistrate Judge's Report and Recommendation**

[ECF No. 5]

    Plaintiff Mert Duymayan brings this lawsuit against Valley Hospital Medical Center alleging that he was held against his will, thereby exceeding the maximum three days for a psychiatric hold. Compl., ECF No. 2-1. Duymayan filed his complaint alongside an application to proceed *in forma pauperis* (IFP), however United States Magistrate Judge Maximiliano D. Couvillier III could not determine Duymayan's IFP status because his form was incomplete and contained inconsistencies. Order, ECF No. 4. Judge Couvillier then ordered Duymayan to either file a long form IFP application or pay the $405 filing fee. *Id.* at 3. Duymayan did not comply or otherwise respond by the October 6, 2025 deadline so Judge Couvillier issued a report and recommendation (R&R) that this case be dismissed.[1] R&R, ECF No. 5.

    Duymayan had until November 3, 2025, to file any objections to the magistrate judge's R&R. *Id.* at 3 (citing Local Rule IB 3-2 (stating that parties wishing to object to the findings and recommendations must file specific written objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). That deadline has also passed, and Duymayan has not objected to the dismissal recommendation. The law is clear that "no review is required of a magistrate judge's

---

[1] Judge Couvillier again cautioned Duymayan that his activity in this district borders on vexatiousness and filing frivolous lawsuits may lead to Duymayan being declared a vexatious litigant. ECF No. 5 at 3; *see also Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999) ("District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation.").

report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Although de novo review is not required, I nonetheless make an independent review here. Federal law requires a party initiating a civil lawsuit to pay a filing fee and an administrative fee. 28 U.S.C. §§ 1914(a), (b). However, if a plaintiff is unable to pay such fees, 28 U.S.C. § 1915 allows a district court to authorize the commencement of a civil action through an IFP application. 28 U.S.C. § 1915(a)(1). I find that the record demonstrates that, despite an opportunity to do so, Duymayan did not submit a long form IFP application or pay the civil filing fee. In light of this, Judge Couvillier considered the *In re Phenylpropanolamine Prod. Liability Litigation* dismissal factors and found they weighed in favor of dismissal. ECF No. 5 at 2 (citing 460 F.3d 1217, 1226 (9th Cir. 2006)). I agree that there are no alternative sanctions other than dismissal. Because this litigation cannot move forward without the payment of the filing fee, the ability to determine whether Duymayan should be permitted to proceed without paying the filing fee, and without Duymayan's participation, I accept the R&R in its entirety and dismiss this matter.

## Conclusion

It is hereby ordered that the magistrate judge's report and recommendation **[ECF No. 5] is accepted and adopted in full**, therefore Duymayan's complaint is dismissed without prejudice. The Clerk of Court is kindly directed to enter judgment accordingly, and to close this case.

Dated: November 17, 2025

_____
Cristina D. Silva
United States District Judge

2